**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 96-4433

PAMELA LAVERN WILLIAMS,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
William B. Traxler, Jr., District Judge.
(CR-95-1011)

Submitted: October 17, 1996

Decided: October 29, 1996

Before MURNAGHAN and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michele S. Nelson, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant. J. Rene Josey, United States Attorney,
Harold W. Gowdy, III, Assistant United States Attorney, Greenville,
South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Pamela Williams appeals her conviction for possessing with the intent to distribute cocaine base, 21 U.S.C. § 841(a)(1) (1994). She argues that the district court erred by denying her motion to suppress evidence seized from her residence pursuant to a search warrant. Williams contends that the warrant was not supported by probable cause and that the "good faith exception" under United States v. Leon, 468 U.S. 897, 920-22 (1984), does not apply. We affirm.

On October 20, 1995, Officer Joyce Huff of the Spartanburg City Police Department accompanied an informant to Williams' residence to monitor a controlled purchase of crack cocaine from Williams. The informant had earlier approached the police with information concerning Williams' drug selling activities, in the hopes of having certain outstanding traffic charges reduced. Officer Huff gave the informant $20, searched him and found no drugs on his person, watched him enter Williams' residence, and monitored the drug transaction by radio, made possible because the informant was wearing a transmitter. Officer Huff watched the informant leave Williams' residence and come directly back to the officer's car. The informant handed Officer Huff a rock of crack cocaine which he said he purchased from Williams. Officer Huff searched the informant and found no other drugs.

In her affidavit submitted to a state magistrate, Officer Huff stated that a confidential informant had made a controlled drug purchase, that she (Huff) had witnessed the informant go into the residence and listened to him make a twenty-dollar purchase of crack cocaine by electronic surveillance. Huff further stated that she had received information in the past that crack cocaine had been sold at the residence. Officers executing the warrant at Williams' residence found 6.24 grams of cocaine in Williams' young granddaughter's pants pocket.

2

A jury convicted Williams and she was sentenced to ninety months in prison.

Williams claims that the search warrant was not supported by probable cause and that, therefore, the district court should have suppressed the drugs seized from her residence. Specifically, Williams contends that the warrant should not have been issued because Huff did not state in her affidavit that she had never used the informant before, nor did she disclose information regarding the informant's criminal history or the fact that he was arrested later in the same day and found in possession of a small amount of crack cocaine. The informant testified during Williams' trial that he was unaware of the cocaine found on him and that it apparently had broken off of what he had purchased from Williams earlier in the day.

A district court's determination of probable cause to issue a search warrant is reviewed de novo. United States v. Miller, 925 F.2d 695, 698 (4th Cir.), cert. denied, 502 U.S. 833 (1991). However, "great deference" is accorded the magistrate's assessment of the facts presented to him and this court asks only whether the magistrate had a substantial basis for concluding that probable cause existed. United States v. Blackwood, 913 F.2d 139, 142 (4th Cir. 1990) (quoting Spinelli v. United States, 393 U.S. 410 (1969)). Whether probable cause existed to support a warrant is determined by a "totality-of-the-circumstances" test. Illinois v. Gates, 462 U.S. 213 (1983). It is well established that information received from an informant which, in and of itself, does not establish probable cause may be sufficiently corroborated by independent police work to support the issuance of a search warrant. See, e.g., United States v. Miller, 925 F.2d at 698 ("An informant's tip is rarely adequate on its own to support a finding of probable cause."); United States v. Blackwood, 913 F.2d at 142 (upholding issuance of warrant where "[t]he information presented to the magistrate detailed the fruits of [police officer's] effort to corroborate the initially vague information he received").

We find that the controlled purchase from Williams sufficiently corroborated the "initially vague" information received from the informant and that, therefore, the warrant was properly issued. The omissions cited by Williams (concerning the informant's reliability) were immaterial to a finding of probable cause. See Blackwood, 913

3

F.2d at 142-43 ("Rather, those contentions, considered individually and in the aggregate, invite us to engage in just the kind of hypertechnical scrutiny of immaterial omissions in the affidavit that the Supreme Court has expressly condemned.").

Because we find that the search warrant here was properly supported by probable cause, we need not address the"good faith" exception under <u>Leon</u>. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4